## HERSHE *v.* DELANEY.

Where a party seeks to restrain the collection of promissory notes executed by him, upon the ground that he is not owing the money therein specified, the notes are to be taken as *prima facie* evidence of the amount due, and if the complainant would reduce the amount, he must show affirmatively to what extent the reduction should be made.

In the absence of such proof, or if the evidence leaves it uncertain what sum is due, the defendant is entitled to a decree for the full amount of the notes.

*Appeal from the Muscatine District Court.*

MONDAY, APRIL 4.

Prior to January, 1855, these parties were in partnership, engaged in the business of buying and selling lumber. They then settled, the plaintiff purchasing from defendant the stock on hand, for which he executed his notes for something over $4,000. A part of these notes remaining unpaid, the payee instituted suit on them, and the plaintiff filed his petition for, and obtained an injunction to restrain the said action at law. The bill charges, that in various ways, by the fraud and management of defendant, during the continuance of the partnership, he received various and large sums of money, which he had failed to account for; that he was proceeding to collect the notes given at the time

Hersche v. Delaney.

of the dissolution, when, in fact, nothing was owing on the same; that they had, by proper articles, submitted all of their matters in difference, growing out of said partnership, to arbitrators; and that, notwithstanding said submission, said defendant was prosecuting said notes to judgment. The prayer is to restrain the collection of said notes until the coming in of the award, and the final hearing of the bill. A supplemental petition was filed, setting up the return of the award, and asking, substantially, that defendant be required to carry out said award, and that said action at law should be settled in accordance with the findings of the arbitrators.

The answer denies all the fraud and mismanagement with which defendant is charged—denies any indebtedness to plaintiff—insists that he is owing to defendant the full amount claimed upon the notes—and expresses an entire readiness to abide by, and perform the award, &c. It seems that the award was blank as to certain amounts due from plaintiff to defendant, and this led to difference, arising or resulting from the one insisting upon settling by the old books, and the other by the books made by the arbitrators. The plaintiff conceding, that by the terms of said award, and the best calculation he could make, he was owing on the notes $2,100, paid the same. The defendant insisted that more was owing him.

An agent of each party met, and endeavored to settle for them. This, they were unable to accomplish. One of them swears, that according to his calculation, there was due defendant the $2,100 paid him. The other says that they made it between $2,700 and $2,800. The court below decreed in favor of defendant, (Delaney), to the amount of $650. Plaintiff appeals.

*D. C. Cloud*, for the appellant.

*Richman & Bro.*, for the appellee.

WRIGHT, C. J.—We are unable to see that complainant has any ground for complaining of this decree. The execution of the note by him, at the time of the dissolution of the partnership, must be taken as *prima facie* evidence, at least, that there was that amount owing defendant, and that the settlement then had was fair and correct. Com-. plainant claims the contrary. The averments of his bill are denied by the answer. Upon him, therefore, is the burthen of proof. If there was no proof on the part of defendant, that offered by complainant fails to overcome the sworn answer.

It is urged, however, that the award of the arbitrators shows that a certain amount was owing by defendant to plaintiff; that the same report finds that complainant was owing respondent for money received at certain times, and for half the real estate, without specifying the amount; and that in order to lessen the amount found due complainant, respondent should show affirmatively how much he was entitled to, for the money and real estate, or, at all events, he should show that he was entitled to something. One, and a conclusive answer to this, is, that both parties did make this effort—appointed their agents to settle the accounts and matters in controversy, having reference to the award, and their books; and that their testimony concurs in the conclusion that complainant was still owing some amount—one of them putting it at $2,100, and the other at over $2,700. The court below acted upon the testimony fixing the highest sum. And with this conclusion, we will not interfere. The submission to arbitration did not chang, the burthen of proof. The notes still continued, as before *prima facie* evidence of the amount due. If complainant would reduce this amount, he should show affirmatively by the award, or otherwise, to what extent the reduction should be made. If it is left uncertain, then respondent should have a decree for the whole amount claimed, less the payments admitted. Complainant affirms, and he should prove.

Under all the circumstances, we are clearly of the opinion, that if any change should be made in the decree below, it should be in favor of respondent, and not against him.   This is not claimed.

Decree affirmed.